UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Abdulkani Abdi Ali,                           Civil No. 09-1389 (JMR/FLN)

    Petitioner,

v.                                            **REPORT AND RECOMMENDATION**

State of Minnesota,

    Respondent.

_____

Abdulkani Abdi Ali, *pro se*, for Petitioner.
J. Michael Richardson, Matthew Frank for Respondent.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [#1]. Respondent filed a response in opposition to the petition [#5]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that the petition be **DENIED**.

## I. BACKGROUND

Petitioner Abdulkani Abdi Ali, a prisoner of the State of Minnesota, is currently serving a 74-month sentence imposed by Hennepin County District Judge John J. Sommerville after a jury found him guilty of one count of first degree assault. *State v. Ali,* 752 N.W.2d 98, 102 (Minn. Ct. App. 2008). Petitioner appealed his conviction to the Minnesota Court of Appeals. *Id.* The undersigned accepts the facts as stated by the Minnesota Court of Appeals:

> In the early morning of January 7, 2007, appellant Abdulkani Ali got into an argument with a clerk at a Minneapolis convenience store and began using racial epithets in addressing her. The clerk told Ali to leave the store immediately, but Ali refused and continued yelling at her. At this point the clerk pushed a "panic button" to activate an alarm system to call the police.
>
> Another clerk, who had overheard Ali yelling and swearing, also told Ali to leave. Ali told that clerk to "shut up" and threw a cup of either water or soda at him. The first clerk pushed the panic button again and announced that the police were on their way, at which point Ali turned and began to walk toward the door. A customer who had been watching the incident grabbed Ali from behind and held him in a "bear hug" in an attempt to restrain him until the police arrived. During a struggle between the two men, Ali bit off the tip of the customer's middle finger on his left hand. Seconds before the police arrived at the convenience store, Ali got into his car and drove away. The police pursued Ali, stopped him, and brought him back to the convenience store. The first clerk and the injured customer both identified Ali, and the police arrested him.

*Id.* at 102.

In his appeal, Petitioner argued that: (1) the state district court abused its discretion by denying Ali's request for a jury instruction on the lesser-included offense of fifth-degree assault; (2) the prosecutor committed misconduct; and (3) the restricted status of the prosecutor's license to practice law entitles Petitioner to a new trial. The Minnesota Court of Appeals rejected all of Petitioner's arguments and affirmed Petitioner's conviction. *Id.* at 101.

Petitioner filed a petition for review of the Minnesota Court of Appeals' decision with the Minnesota Supreme Court. Review was granted by the Minnesota Supreme Court's order of September 23, 2008, but that order was later vacated and the petition for review was eventually denied on May 27, 2009. *State of Minnesota v. Ali*, A07-428 (Minn. May 27, 2009).

The record reflects and the Respondent agrees that Petitioner has exhausted his state court remedies on these claims.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the standards that govern this Court's review of habeas corpus claims raised by state prisoners. The relevant portion of the AEDPA, 28 U.S.C. § 2254(d), provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

In *Williams v. Taylor*, 529 U.S. 362 (2000), the United States Supreme Court discussed the meaning of this statute, and how it should be applied by the federal district courts. The Court in *Williams* held that:

> A state-court decision can be "contrary to" this Court's clearly established precedent in two ways. First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours....
>
> Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 405, 413. The Court further explained the "unreasonable application" clause:

> A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable....[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* 529 U.S. at 409, 411.

A writ of habeas corpus may also be available where the state courts' resolution of a case

-3-

is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2). In other words, habeas relief can be granted if the state court's judgment is based on findings of facts that could not reasonably be derived from the evidentiary record. When reviewing a state court decision, however, a "federal court...presumes that the state court's factual determinations are correct," and that presumption "may be rebutted only by clear and convincing evidence." *Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000).

Habeas relief cannot be granted unless the petitioner has identified, and substantiated, a specific error committed by the state courts. 28 U.S.C § 2254 (e)(1). Moreover, he must show that the state courts committed the type of error that is actionable under § 2254(d), as that statute has been interpreted by the Supreme Court in *Williams*.

### III. DISCUSSION

#### A. The Lesser-Included Fifth-Degree Assault Instruction

The Petitioner first argues that he is entitled to habeas corpus relief on the theory that his federal constitutional rights were violated when the trial court denied his request for a lesser-included offense instruction on fifth-degree assault.

When seeking habeas corpus relief, "the general rule is that only issues of constitutional magnitude are cognizable." *DeBerry v. Wolf*, 513 F.2d 1336, 1338 (8th Cir. 1975). A petitioner must allege a "fundamental defect which inherently results in a complete miscarriage of justice (or) an omission inconsistent with the rudimentary demands of fair procedure" in order to be considered on a petition for a writ of habeas corpus. *Id. (*citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). In general, claimed errors in instructions to the jury are not issues of constitutional magnitude and do not state a claim for habeas corpus relief. *Cooper v. Campbell*, 597 F.2d. 628, 632 (8th Cir.

1979)("the trial court's failure to give a lesser included offense instruction is not normally such a constitutional error or "fundamental defect" as to allow collateral review under habeas corpus"); *see also Dickerson v. Dormire*, 2 Fed. Appx. 695, 695-96 (8th Cir. 2001) (unpublished) (holding that "the failure to give a lesser included offense instruction in a noncapital case rarely, if ever, presents a constitutional question). Further, when determining if the alleged error rises to the level of a federal constitutional claim, a court's denial of a defendant's request for a lesser-included instruction shall be viewed no differently than if the court had simply failed in giving the proper instructions on its own. *Deberry,* 513 F.2d at 1339 (distinction between denial of a request for instruction and court's failure to instruct not important in determining whether alleged error rises to the level of a federal constitutional claim). Therefore, Petitioner's argument that his federal constitutional rights have been violated by the state court's refusal to instruct the jury on the lesser-included offense of fifth-degree assault must fail because a denial of a request for instruction is not constitutional error.

Petitioner has also failed to show that the denial of Petitioner's request was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Minnesota Court of Appeals made factual findings that "the undisputed evidence established that Ali bit off the tip of the victim's finger" and that "there is no evidence that would provide a rational basis for convicting Ali of fifth-degree assault while acquitting him of first-degree assault." *State v. Ali,* 752 N.W.2d at 104. Under *Lee v. Gammon*, factual findings by a state court are presumed correct and may only be rebutted by clear and convincing evidence. 222 F.3d at 442. As Petitioner has failed to produce evidence rebutting these factual findings[1], and because claimed

---

[1] Petitioner's reply memorandum requests that the Court conduct an evidentiary hearing to review surveillance video of the incident that resulted in his conviction. (Doc. No. 9.) When deciding habeas corpus petitions, the Court is bound by the factual findings of the state court and

errors in jury instructions are not constitutionally cognizable on a petition for habeas corpus absent a complete miscarriage of justice, federal habeas corpus relief based on this ground must be denied.

    **B.    Prosecutorial Misconduct**

Second, the Petitioner argues that he is entitled to habeas corpus relief due to misconduct committed by the prosecutor during his trial. Specifically, the Petitioner alleges that comments by the prosecutor rose to the level of constitutional misconduct.

For comments by the prosecutor to constitute prosecutorial misconduct warranting habeas corpus relief, the comments "must be so inappropriate as to make the trial fundamentally unfair." *Rousan v. Roper*, 436 F.3d 951, 960 (8th Cir. 2006); *see also Harris v. Bowersox*, 184 F.3d. 744, 752 (8th Cir. 1999). Further, there must be a "reasonable probability" that the error affected the jury's verdict and that without the error, the jury's verdict would have been different. *Id.*

Here, Petitioner argues that the prosecutor committed serious misconduct by repeatedly denigrating the Petitioner's defense and by inflaming the passions and prejudices of the jury during her closing argument. *State v. Ali,* 752 N.W.2d at 104. Petitioner alleged that the prosecutor:

> (1) emphasized inconsistencies between Ali's statements to the arresting officer on the night of the incident and his trial testimony; (2) told the jury to "ask yourself if the oath means anything to this man after what you've heard coming out of his mouth now;" (3)

---

may not make *de novo* factual findings. 28 U.S.C § 2254 (e)(1); *Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000). Thus, Petitioner's request for an evidentiary hearing is denied.

characterized Ali's testimony as "his new, better, improved memory after ten months;" and

(4) labeled Ali's version of the events as being "ludicrous" and a "yarn."

*Id*.

The prosecutor also stated that Petitioner "not only bit [ ] down on [the victim's] finger" but also that he continued to "chomp and chomp and chomp...through all those layers of hard hard bone," that Petitioner was not "the quiet little man sitting here dressed up in a suit" and finally that the action made by petitioner was "barbaric." *Id*. at 105. The Minnesota Court of Appeals found that these statements made by the prosecutor did not constitute misconduct and that they were not made in order to improperly inflame the passions of the jury. *Id.* at 105.

Under *Rousan*, the court must consider whether the arguments made by the prosecutor infected the trial with enough unfairness so as to deny the Petitioner due process. 436 F.3d at 960. However, Courts generally accord prosecutors some leeway with respect to what is allowed in a courtroom. As an example, the Eighth Circuit upheld a denial of a habeas petition where a prosecutor described a defendant as "pure evil," stating that "evil stares at you in the courtroom, and I ask you to stare back and do not blink. We don't want to share our streets one day with evil. We cannot risk one day sharing our lives and world with evil." *Kinder v. Bowersox*, 272 F.3d 532, 551 (8th Cir. 2001). These remarks, which clearly go much further than the prosecutor's remarks did during Petitioner's trial, were not found to have infected the trial with enough unfairness so as to deny the defendant due process. *Id*. at 552.

As the Petitioner has not offered the Court evidence in addition to his allegation and the remarks quoted above, the Court cannot find that the prosecutor's statements were constitutionally harmful. Thus, habeas corpus relief based on prosecutorial misconduct is inappropriate.

### C. The Restricted Status of the Prosecutor's License

Petitioner's third and final argument is that habeas corpus relief is warranted because his constitutional rights were violated by the fact that the prosecutor's law license was on restricted status during his trial.

Defendants do not have a constitutional right to be tried by a licensed attorney. *Hamilton v. Roehrich,* 628 F. Supp. 2d 1033 (D. Minn. 2009) (Magnuson, J.); *see also Munoz v. Keane*, 777 F. Supp. 282 (S.D.N.Y. 1991). The court in *Hamilton* held that while it is "obviously preferable" that a prosecutor be licensed to practice law in the jurisdiction in which he or she practices, the fact that a prosecutor is not licensed does not necessarily undermine the fairness of the trial. *Id.* at 1051-52. The court supported this holding by reasoning that "defense counsel and an impartial trial judge are capable of monitoring the prosecutor's conduct in order to ensure that no constitutional violations occur, and it would be inappropriate to conclude that a due process violation automatically results from the prosecutor's unlicensed status." *Id*. at 1052.

Here, Petitioner presents no evidence that the prosecutor's conduct resulted in a constitutional violation – he alleges that the prosecutor's unlicensed status, by itself, is a constitutional error warranting habeas relief. While the court in *Hamilton* concluded that defendants do not have a constitutional right to be prosecuted by a licensed attorney, the court went on to reason that even if defendants did have a constitutional right to be prosecuted by a licensed attorney, a successful habeas Petitioner would have to demonstrate that prejudice arose from the unlicensed prosecutor's conduct. *Id.* at 1054. Otherwise, any alleged errors must be seen as harmless. *Id*. At the time of Petitioner's trial, the prosecutor, Gemma Graham, had her license to practice law on restricted status "because she had failed to submit affidavits of her compliance

with continuing-legal-education requirements, in violation of Rules 5.5 and 8.4 of the Minnesota Rules of Professional Conduct." *State v. Ali*, 752 N.W.2d at 106.[2] The Minnesota Court of Appeals found that the Petitioner must "show prejudice resulting from the fact that he was prosecuted by an attorney whose license was on restricted status. *State v. Ali*, 752 N.W.2d at 108. The Court of Appeals then concluded that Petitioner could not show any prejudice resulting from the fact that the Gemma Graham's license was on restricted status during his trial. *Id*. at 109. Factual findings by a state court are presumed correct and may only be rebutted by clear and convincing evidence. *Lee v. Gammon*, 222 F.3d at 442. Petitioner has not presented any evidence of prejudice resulting from the fact that the prosecutor's license was on restricted status during his trial, and certainly has not presented clear and convincing evidence of prejudice. Petitioner therefore fails to show that he is entitled to habeas corpus relief due to the restricted status of the prosecutor's license.

## IV. RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for Writ of Habeas Corpus [#1] be **DENIED.**

It is further recommended, pursuant to 28 U.S.C. § 2253(c), that a Certificate of Appealability not be issued because Petitioner has failed to make a substantial showing of the denial of any constitutional right.

---

[2]This situation does not only resemble the circumstances ruled upon in *Hamilton*, the relevant facts in both cases are identical. During the period of time prosecutor Gemma Graham's license was on restricted status, she acted as the prosecutor in both the trial at issue in *Hamilton* and in Petitioner's trial. *Ali*, 752 N.W.2d at 106; *Hamilton*, 628 F.Supp.2d at 1051.

DATED: December 17, 2009                    *s/ Franklin L. Noel*
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 31, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.